UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVELYN REED,

    Plaintiff,

v.                                                      Case No. 8:19-cv-1651-T-SPF

ANDREW M. SAUL,
Commissioner of the Social
Security Administration,

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

    **I.**     **Procedural Background**

Plaintiff filed an application for DIB and SSI on January 22, 2016 (Tr. 243–56). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 111–13, 159–64, 172–76). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 35–85). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 7–29). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.    Factual Background and the ALJ's Decision

Plaintiff, who was born in 1962, claimed disability beginning December 7, 2012 (Tr. 22, 243). Plaintiff obtained a high school education (Tr. 22). Plaintiff's past relevant work experience included work as a data entry clerk, tax preparer, fund processor, and as a secretary (Tr. 22, 42, 118). Plaintiff alleged disability due to back problems, two bulging discs, arthritis in the left knee, right knee pain, neck pain, diabetes, and depression (Tr. 40, 86).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2015, and had not engaged in substantial gainful activity since December 7, 2012, the alleged onset date (Tr. 13). After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease, lumbago, diabetes mellitus, hypertension, and obesity (Tr. 13). Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 16). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform sedentary work with the following additional limitations:

> Plaintiff can occasionally lift or carry 10 pounds. She can frequently lift or carry less than 10 pounds. She can sit for a period of six hours. She can stand and walk for a period of two hours. She can push/pull as much as she can lift/carry. She can occasionally climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She can have occasional exposure to unprotected heights, moving mechanical parts, and vibration. She can have frequent exposure to humidity and wetness, extreme cold, and extreme heat.

(Tr. 18).

In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 19). Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could perform her past relevant work (Tr. 22). Given Plaintiff's background and RFC, the VE also testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a check cashier, receptionist, and a circulation clerk (Tr. 23). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 23).

### III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with

deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### IV.   Analysis

Plaintiff argues that the ALJ failed to fully and fairly develop the record by not ordering a consultative examination to assess whether Plaintiff's depression was a severe impairment. Plaintiff also argues that in interpreting Plaintiff's complaints, the ALJ went beyond the role of a judge into the role of a mental health professional in determining what limitations Plaintiff might experience based upon psychological issues (Doc. 19 at 9–11). The Commissioner counters that Plaintiff's depression is a non-severe impairment, the ALJ properly developed the record, and that even if the ALJ failed to develop the record there was no prejudice (Doc. 19 at 13–15). For the reasons that follow, the ALJ

applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

### A. Failure to Order a Consultative Examination

At the hearing, Plaintiff claimed that she was unable to perform her past work or other work due to a combination of impairments, including "some side effects of diabetes and depression" (Tr. 42). Plaintiff's counsel noted that Plaintiff's history of depression was not properly developed, and it would have been helpful to conduct a consultative examination on the matter (Tr. 40). The ALJ construed Plaintiff's counsel's statement as a request for a consultative examination but denied the request because the ALJ believed she "[could] make a determination based upon what's contained in the file as it relates to mental health treatment and symptoms." (Tr. 41). The Court finds no error in the ALJ's decision.

Although the ALJ has a duty to develop the record, the ALJ is not required to order a consultative examination when the record contains sufficient evidence upon which the ALJ can make an informed decision. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007) (citing *Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001). Additionally, a consultative examination is not necessary when the examination could not reasonably be expected to assist in resolving the issue of disability or when the claimant failed to raise a material issue. *See Ingram*, 496 F.3d at 1269 (stating that although Social Security courts are inquisitorial rather than adversarial in nature, claimants must establish their eligibility for benefits); *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997) (stating that "the claimant has the burden to make sure there is . . . evidence

sufficient to suggest a reasonable possibility that a severe impairment exists . . . then, and only then, becomes the responsibility of the ALJ to order a consultative examination if such an examination is necessary or helpful to resolve the issue of impairment"). Here, Plaintiff has failed to show that a consultative examination was substantive or necessary to the ALJ's disability determination.

First, a consultative examination on the issue of depression was not material to Plaintiff's DIB claim. Plaintiff argues that a claimant's testimony of a psychological impairment and suggestion of a mental problem by a treating physician may be sufficient to require a consultative examination (Doc. 19 at 9). Plaintiff points to no evidence showing that she was diagnosed or suffered from any psychiatric or physiological symptom associated with her depression during the relevant period applicable to her DIB claim—that is between December 7, 2012, and December 31, 2015 (*see* Tr. 404–564).[1] *See McLain v. Commr., Soc. Sec. Admin.*, 676 F. App'x. 935, 938 (11th Cir. 2017) (stating that an ALJ is tasked only with determining whether a plaintiff was disabled between the onset date and his date of last insured). At the hearing, Plaintiff denied any mental hospitalizations or having been treated by a licensed psychologist or psychiatrist during the relevant period (Tr. 41). Moreover, the medical record during the relevant period shows that Plaintiff had normal mental findings upon examination and no findings of anxiety or depression (Tr. 430, 438, 443, 459, 467).[2] Plaintiff also concedes that her

---

[1] At the hearing, the ALJ noted that to be entitled to DIB, Plaintiff must have had a disability that began on or prior to the date she was last insured—December 31, 2015 (Tr. 39).

[2] Plaintiff did not list depression as a disabling impairment in her application for DIB and SSI, but she claimed depression as a cause of disability at the hearing (Tr. 40, 86).

"depression became an impairing condition as of March 24, 2016" (Doc. 19 at 10). Based on the record, the Court finds no error in the ALJ's decision not to request a consultative examination because such opinion was not material to Plaintiff's DIB claim.

Second, a consultative examination was not necessary to determine Plaintiff's SSI claim. In assessing Plaintiff's SSI claim, the ALJ was required to consider all evidence in the record, including the post-insured evidence. *See Stone v. Commr. of Soc. Sec. Admin.*, 596 F. App'x. 878, 879 (11th Cir. 2015) (stating that while a claimant seeking DIB must demonstrate disability on or before the last date on which she was insured, a claim seeking SSI has no such "insured-status requirement"). Here, the ALJ did so, and the evidence was sufficient to support the ALJ's findings without the need for a consultative examination.

At step two of the sequential evaluation process, the ALJ evaluated Plaintiff's depression but found it to be a non-severe impairment (Tr. 14).[3] The ALJ found that Plaintiff had only mild limitations on her ability to understand, remember, or apply information; interact with others; and concentrate, persist, or maintain pace. The ALJ also found Plaintiff had no limitations in her ability to adapt or manage herself (Tr. 15).[4]

---

[3] At step two of the sequential evaluation process, a claimant must show that he or she suffers from an impairment or combination of impairments that significantly limits his or her physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1521, 416.920(a)(4)(ii), 416.921. An "impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Schink v. Commr. of Soc. Sec.*, 935 F.3d 1245, 1265 (11th Cir. 2019).

[4] In evaluating a claimant's mental impairments, the ALJ must apply a psychiatric review technique. *See* 20 C.F.R. § 404.1520a. This technique requires an assessment on how the Plaintiff's mental impairments impact four broad functional areas: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or

The ALJ then concluded that Plaintiff's depression did not cause more than minimal limitations in her ability to perform mental work activities; therefore, it was a non-severe impairment. *See* 20 C.F.R. § 404.1520(c) (stating that a severe impairment is an impairment that significantly limits a claimant's physical or mental abilities to do basic work activities).

In reaching her step-two findings, the ALJ relied upon the medical records, Plaintiff's testimony, and the medical opinions of multiple physicians, including the State consultant psychologists Dr. Ronald Chase (Tr. 15). Except for a period of two weeks in which Plaintiff's reported that her activities of daily living were extremely difficult due to her depression (Tr. 629), the medical record indicates that Plaintiff had an initial positive screening for depression, but reported improvement after receiving behavioral health treatment and medication (Tr. 496, 498). Further, Dr. Chase concluded after examining Plaintiff's medical records that she had only mild limitations in activities of daily living, social functioning, and concentration, persistence or pace (Tr. 135–136). Medical records dated after Dr. Chase's opinion failed to demonstrate any abnormal mental finding (Tr. 496–513, 654). Accordingly, the medical record and Dr. Chase's opinion sufficiently support the ALJ's finding that Plaintiff's depression did not limit her physical and or mental ability to do basic work activities (Tr. 15–16). *See Sarria v. Commr. of Soc. Sec.*, 579 F. App'x. 722, 724 (11th Cir. 2014) (finding that the plaintiff's medical records, the reports of her treating psychiatrists and therapists, and the assessments of agency physicians

---

maintain pace; and (4) adapt or manage oneself. 20 C.F.R. § 404.1520a(c)(3). In rating the degree of limitation, the Commissioner employs a five-point scale in all functional areas—none, mild, moderate, marked, and extreme. 20 C.F.R. § 404.1520a(c)(4).

provided sufficient evidence for the ALJ to determine whether plaintiff's depression was disabling, without the need for a consultative examination). Therefore, a consultative examination was not necessary.

### 2. Evidentiary Gap or Prejudice

Even if the ALJ had a duty to request a consultative examination as to Plaintiff's depression, Plaintiff failed to show any evidentiary gap or prejudice arising from that omission. *See Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) (stating that the ALJ's duty to develop a full and fair record arises only when "the record reveals evidentiary gaps which result in unfairness or clear prejudice"). Prejudice requires demonstrating that the ALJ did not have all the relevant evidence or did not consider all of the evidence in the record in reaching his decision. *See Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985).

Plaintiff fails to point to an evidentiary gap other than to argue that the ALJ erred in relying on Dr. Chase's opinion because Dr. Chase was not privy to Plaintiff's testimony and other medical records related to Plaintiff's depression (Tr. 134–35). Plaintiff's argument is unpersuasive for two reasons. First, even if a state agency medical consultant could not review all of Plaintiff's medical records before rendering his opinion, the ALJ had access to the entire record, including Plaintiff's testimony, therefore, she was able to determine whether Dr. Chase's opinion was supported by and consistent with the evidence of record. *See Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 807 (11th Cir. 2013) (finding that an ALJ did not afford undue weight to a non-examining doctor where the doctor cited several portions of the record in support of her conclusions, and the ALJ, who makes the ultimate determination, had access to the entire record, including the

claimant's testimony).  Second, the Court fails to see how Dr. Chase would have arrived at a different conclusion or opinion had he been privy to Plaintiff's testimony and her subsequent history of depression.  Notably, Plaintiff denied any mental hospitalizations or having been treated by a licensed psychologist or psychiatrist during the relevant period (Tr. 41), and Plaintiff's mental examinations generally showed normal findings (Tr. 496, 498, 502, 504, 509, 511, 512).  The Court finds no evidentiary gap which resulted in unfairness or clear prejudice to Plaintiff.

### 3. Substituted Judgment

The Court is similarly unpersuaded by Plaintiff's argument that the ALJ went beyond her role in determining what, if any, mental limitations Plaintiff might experience. Particularly, Plaintiff appears to suggest that the ALJ should have included further limitations in her RFC arising out of Plaintiff's psychological issues (*see* Doc. 19 at 9–10). In assessing Plaintiff's RFC, the ALJ "was not required to include limitations that were not supported by the evidence." *Sarria*, 579 F. App'x. at 725.  As noted above, the ALJ found that Plaintiff had mild or no limitations in her four mental functional areas and those limitations produced no work-related impairments (Tr. 15).  The ALJ then concluded that Plaintiff had the RFC to perform sedentary work with no specific mental limitations (Tr. 18). The ALJ's findings as to Plaintiff's mental limitations are supported by substantial evidence.  The record shows that Plaintiff did not have any mental conditions before the date she was last insured, and normal mental findings after she began treatment for depression (Tr. 496, 498, 502, 504, 509, 511, 512).  Here, the ALJ did not improperly substitute her opinion for that of any mental health professional.  Instead, she

11

complied with her duty to weigh all of the evidence of record when assessing Plaintiff's RFC. *See* 20 C.F.R. § 404.1520b. As a result, the Court finds no error.

## V. Conclusion

Accordingly, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

ORDERED in Tampa, Florida, on July 24, 2020.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE